```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF ILLINOIS
                   EASTERN DIVISION
```

FREDRICK L. WALKER,              )
                                 )
            Plaintiff,           )
                                 )
    v.                           )     No.  08 C 3466
                                 )
STATE OF ILLINOIS, et al.,       )
                                 )
            Defendants.          )

### MEMORANDUM ORDER

Fredrick Walker ("Walker") has filed what he captions as a "Notice of Removal" that has been assigned the case number listed in the above caption--but both the caption and the text of Walker's self-prepared handprinted filing identify the proposed removal as targeting a state <u>criminal</u> case, No. 00 CR 1807301 (or perhaps 00 CR 18073). This memorandum order is issued sua sponte because Walker's removal effort is impermissible as a matter of law.

Federal district courts have the power to entertain only such actions as Congress has prescribed. In this instance the statutes dealing with removal of actions from state courts (28 U.S.C. §§1441-1453[1]) plainly do not authorize what Walker seeks to do here:

> 1. All of the just-cited sections, except for those listed in paragraph 2, permit only <u>civil</u> actions begun in

---

[1] All further references to Title 28's provisions will simply take the form "Section--."

state courts to be removed to federal court.

    2.  None of the limited categories of removable <u>criminal</u> proceedings--Sections 1442(a), 1442a and 1443--fit Walker's situation.

Accordingly this Court orders a remand of this action to the state court of origin, to be implemented forthwith.[2]  But two more matters remain to be dealt with:

    1.  Walker's filing subjects him to the obligation to pay the $350 filing fee.  Walker is ordered on or before July 7, 2008 either (a) to pay that amount or (b) if he is not financially able to do so, to file an In Forma Pauperis Application (for which purpose copies of the appropriate form are transmitted to him with a copy of this memorandum order) together with a photocopy of his trust fund account statement for the period from December 1, 2007 to June 16, 2008 (see Section 1915(a)(2)).

    2.  This remand order constitutes a "strike" for purposes of Section 1915(g).

                                      _____
                                         Milton I. Shadur
                                         Senior United States District Judge

Date:  June 20, 2008

---

   [2]  This remand order eliminates any need to discuss the nonviability of Walker's claims in federal terms.